# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CRIMINAL ACTION NO. 3:11-CR-36-M-1

UNITED STATES OF AMERICA            PLAINTIFF/RESPONDENT

v.

TERRY WAYNE HAMBRIC            DEFENDANT/MOVANT

### MEMORANDUM OPINION

Movant, Terry Wayne Hambric, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 69). Because the motion appeared to be barred by the applicable statute of limitations, on preliminary consideration under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, the Court directed Movant to show cause within 30 days why his motion should not be denied and his action dismissed as untimely. More than 30 days have passed, and Movant has not responded.

**I.**

Pursuant to a plea agreement, Defendant pleaded guilty to counts of bank fraud, aggravated identity theft, wire fraud, and uttering forged and counterfeit securities. The Judgment and Commitment was entered on April 10, 2012. Movant did not appeal. He filed the instant § 2255 motion on June 19, 2013.[1]

**II.**

Under § 2255, a one-year limitation period applies. The statute provides as follows:

(f) A 1-year period of limitation shall apply to a motion under this section.

---

[1] Under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

> The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant's judgment of conviction became final on April 24, 2012, the date on which his time to appeal expired. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice was filed."); Fed. R. App. P. 4(b)(1)(A) (a criminal defendant must file notice of appeal within 14 days of the later of the entry of judgment or the filing of the government's notice of appeal). Thus, the one-year period for filing this § 2255 action expired on April 24, 2013. *See* 28 U.S.C. § 2255(f)(1);.

Here, Movant certified that he gave his § 2255 motion to prison authorities for mailing on June 19, 2013, or 56 days after the one-year deadline had expired. His motion states that it is not untimely because he believes he had one year plus the 90-day period in which to file a writ of certiorari to the Supreme Court to file a § 2255 motion. Movant is incorrect that he had an

2

additional 90 days in which to file his § 2255 motion.

The one-year limitations period set forth in § 2255 is not jurisdictional and is subject to the doctrine of equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). However, Movant has offered no reason that the doctrine of equitable tolling should be applied here. Movant's mistaken belief that he had one year plus 90 days to file a § 2255 motion is not a basis for equitable tolling. *See Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) ("[E]ven reasonable mistakes of law are not a basis for equitable tolling.").

For the foregoing reasons, the Court will by separate Order deny Movant's § 2255 motion.

## CERTIFICATE OF APPEALABILITY

An individual, who unsuccessfully moves to vacate, set aside or correct his sentence pursuant to § 2255 in a federal district court and subsequently seeks appellate review, must secure a Certificate of Appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the

matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no COA is warranted in this case.

Date: August 27, 2013

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Movant, *pro se*
4414.009

4